# EXHIBIT A

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY FLORIDA
CASE NO.: 2024-CC-

ANDRES GUEVARA
an Individual
    Plaintiff,
v.

STARPOINT RESORT GROUP,
INC, and JULIASANGEL
MARKETING, LLC

    Defendants.
_____ /

## COMPLAINT FOR VIOLATIONS OF
## THE FLORIDA TELEPHONE SOLICITATION
## ACT SECTIONS 501.059, FLORIDA STATUTES AND THE NATIONAL
## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. 227

Plaintiff, ANDRES GUEVARA., (Hereinafter "Plaintiff"), by and through undersigned counsel, sues STARPOINT RESORT GROUP, INC. (hereinafter "STARPOINT"), and JULIASANGEL MARKETING, LLC (hereinafter JULIASANGEL"), and alleges:

1. This is an action for damages that exceeds $8,000.00 but does not exceed $50,000.00.

2. Plaintiff is an individual who resides in Orange County, Florida and is Sui Juris.

3. STARPOINT is a Foreign Limited Liability Company registered with the Florida Division of Corporations which advertises in the travel business in Orange County, Florida.

4. JULIASANGEL is a Florida Limited Liability Company registered with the Florida Division of Corporations which advertises in the travel business in Orange County, Florida.

1

5. Plaintiff brings this action against the named the named Defendants to secure redress for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. Section 227 and the Florida Telephone Solicitation Act, Section 501.059, Florida Statutes.

6. Defendants are for profit companies that advertise in the travel business in Orange County, Florida.

7. Through this action, Plaintiff seeks injunctive relief to halt the Defendants' illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of daily life. Plaintiff also seeks statutory damages and any other available legal or equitable remedy.

8. Unless otherwise stated, the conduct engaged in by the Defendants occurred in Orange County, Florida.

9. Any and all violations by the Defendants were knowing, willful and intentional and the Defendants did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of the Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of the Defendants named.

11. Venue is proper in the County Court of the Ninth Judicial Circuit in Orange County, Florida because the named Defendants provided and marketed its services to Plaintiff in Orange County, Florida.

## THE TCPA

12. The TCPA prohibits: (1) any person from calling a cellular telephone phone number (2) using an automatic dialing system, and (3) without the recipient's prior consent. 47 U.S.C. 227(b)(1)(A).

13. The TPCA also states that "A person who has received more than one telephone call within any 12 month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring in an appropriate court of that State an action based upon a violation of the regulations prescribed under this section to enjoin such violation, an action to recover for actual money loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or both such actions." 47 U.S.C. 227 (C)(5)(A) –(C).

14. The Federal Trade Commission ("FTC") is an independent agency of the United States Government.

15. The TCPA regulations promulgated by the FTC define "Telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services. 47 C.F.R. 64.1200(f)(12).

16. It is a violation of the TCPA to make a telemarketing call to a cellular phone number and without prior consent, to dial the number using an automated dialing machine, and/or to call the same number more than one time in a 12-month period.

## SECTION 501.059, FLORIDA STATUTES

17. It is a violation of Section 501.059, Florida Statutes, the Florida Telephone Solicitation Act ("FTSA") to make or knowingly allow a telephonic sales call to be made if such call involves…the playing of a recorded message when a connection is completed

to a phone number without prior express written consent of the called party. Section 501.059(8)(A), Florida Statutes.

18. The Statute defines "telephonic sales calls" as a "telephone call, text, message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes. Section 501.059(1)(I), Florida Statutes.

19. A person is a "called party" if they are a "person who is the regular user of the telephone number that receives a telephonic sales call" under Section 501.059(1)(A), Florida Statues.

20. An "unsolicited telephonic sales call" is one that is made other than in direct response to the express request of the person who is called under Section 501.059 (4)9K), Florida Statutes.

21. The Federal Trade Commission has established a National Do Not Call Registry pursuant to 15 U.S.C. 6102(a).

22. The National Do Not Call Registry is a database maintained by the Federal Trade Commission in which consumers and citizens may register their phone numbers and thereby limit their exposure to telemarking sales calls from merchants and businesses.

23. Plaintiff registered his cellular telephone number with the National Do Not Call Registry on or before June 28, 2022.

24. Plaintiff is a "consumer" pursuant to the terms and meaning of The Florida Telephone Solicitation Statute.

25. Defendants are each a "Merchant" pursuant to the terms and meaning of The Florida Telephone Solicitation Statute.

26. The Florida Department of Agriculture and Consumer Services has included the telephone numbers listed in the National Do Not Call Registry in its list of telephone numbers protected by The Florida Telephone Solicitation Statute in Section 501.059(3)(d), Florida Statutes.

27. The Florida Telephone Solicitation Statute prohibits merchants such as the Defendants from making outbound telephonic sales calls to telephone numbers held by consumers who are registered on the National Do Not Call Registry such as Plaintiff's.

28. Plaintiff's cellular telephone number has a (407) Florida area code.

29. There is a presumption pursuant to Section 501.059(8)(d), Florida Statutes that the Defendant's telephonic calls to Plaintiff were made to a Florida Resident as prohibited by The Florida Telephone Solicitation Statute.

30. Plaintiff is a Florida Resident.

## GENERAL ALLEGATIONS AS TO THIS CASE

31. On October 26, 2024, Plaintiff received a sales call on his cellular phone number that is registered with the National Do Not Call Registry from the phone number (407) 491-1577.

32. The call came from an automated dialing machine.

33. The caller had a foreign accent.

34. The caller did not give his real name.

35. The caller called from number (407) 768-2832. That number does not call back to the caller in violation of both the State and Federal acts.

36. The caller attempted to sell travel related packages to Plaintiff.

5

37. Plaintiff engaged the caller and received emails from JULIASANGELS d/b/a 1800travelstogo.com as a direct result of the phone call.

38. JULIASANGELS d/b/a 1800travelstogo.com attempted to sell travel packages for STARPOINT to Plaintiff.

39. The Defendants' unsolicited telephonic sales calls were made to Plaintiff in Orange County, Florida.

40. The Defendants were doing business in the State of Florida by making unsolicited telephonic sales calls into the State of Florida to Plaintiff pursuant to Section 501.059(1)(e), Florida Statutes.

41. The Defendants did not have prior consent to make an outbound telephonic sales calls to Plaintiff.

42. The Defendants violated The Florida Telephone Solicitation Statute by making unsolicited telephonic sales calls to Plaintiff's cellular telephone number that was registered with the National Do Not Call Registry for the purposes of soliciting the sale of consumer goods and/or services to Plaintiff.

43. In any civil action brought by a party who is aggrieved by a violation of Section 501.059, Florida Statutes, the aggrieved party may recover actual damages or $500 per violation, whichever is greater, pursuant to Section 501.059(10(a), Florida Statutes.

44. If the Court finds that the violations were willful or made with knowledge of the violation, the court may award up to three times the damages or up to $1,500 per violation pursuant to Section 501.059(10)(b), Florida Statutes.

45. Plaintiff had not conducted any business with the Defendants in the past 18 months.

46. The Defendants knowingly and intentionally violated The Florida Telephone

Solicitation Statute when they made unsolicited outbound telephonic sales calls to Plaintiff.

47. At no time did Plaintiff provide any Defendants with his express written consent to be contacted on his phone number.

48. Defendants' unsolicited phone calls caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion into his seclusion, trespass and conversion.

49. Defendants' phone calls also caused inconvenience and disruption to his daily life.

50. Defendants' unsolicited phone calls caused Plaintiff actual harm including the numerous hours that Plaintiff spent trying to uncover who was responsible for the unsolicited calls.

51. Plaintiff has hired and retained the undersigned law firm to prosecute this claim.

52. Pursuant to Section 501.059(11)(a), Florida Statutes, Plaintiff is entitled to reasonable attorney's fees from the Defendant upon prevailing in this lawsuit.

53. The Defendants called Plaintiff twice on October 26, 2024.

54. The Defendants called Plaintiff twice on October 27, 2024.

55. The Defendants called Plaintiff twice on October 28, 2024.

56. The Defendants violated the Federal Telephone Consumer Protection Act by calling Plaintiff's cellular telephone phone number using an automatic dialing system, and without Plaintiff's prior consent. 47 U.S.C. 227(b)(1)(A).

57. The Defendants made more than two calls to Plaintiff's cellular phone in a Twelve-month period.

58. This is an action by a private individual pursuant to 47 USC Section 227(b)(3)

for violations of automatic dialing systems and 47 USC Section 227(C)(5) for making more than one call to plaintiff in a twelve-month period.

59. Plaintiff is entitled to $500 per phone call and three times that amount should the court find that each defendant knowingly or willfully violated the section.

60. All the violations made by the Defendants were knowingly and intentional.

61. Plaintiff has suffered Damages in the amount of $24,000.00 by the Defendants' violations of the Florida Telephone Solicitation Statute upon Plaintiff.

62. The Defendants violated the Federal Telephone Consumer Protection Act by calling Plaintiff's cellular telephone phone number using an automatic dialing system, and without Plaintiff's prior consent, giving a false name, and using a phone number that cannot be traced back to the caller. 47 U.S.C. 227(b)(1)(A).

63. The Defendants made more than two calls to Plaintiff's cellular phone in a Twelve-month period.

64. Plaintiff has suffered Damages in the amount of $12,000.00 by the Defendants' violations of the Federal Telephone Consumer Protection Act.

WHEREFORE, Plaintiff prays for liquidated damages in the amount of $36,000.00, against each Defendant for the Federal and state statues separately, unliquidated damages, attorney's fees, costs and whatever other relief the court deems just and proper from the Defendants.

FILED THIS DAY, November 21, 2024.

                                                Respectfully submitted,

                                                /s/ Matthew A. Leibert
                                                Matthew A. Leibert, Esq.
                                                Florida Bar No.: 0752266
                                                5782A S. Semoran Blvd.
                                                Orlando, FL 32822
                                                Tel.    407-245-8352
                                                Fax.   407-245-8361
                                                Email:  leibert@urbanthier.com